IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GAYLE J. EVANS, JR.,
INDIVIDUALLY AND AS A MEMBER OF
DURANT DEVELOPMENT, LLC, A
MISSISSIPPI LIMITED LIABILITY
COMPANY                                                              PLAINTIFF

VS.                                      CAUSE NO: 5:24-cv-25-DCB-LGI

CHANCE J. EVANS, INDIVIDUALLY;                                       DEFENDANTS
CHANCE J. EVANS, MANAGER OF
DURANT DEVELOPMENT, LLC, A
MISSISSIPPI LIMITED LIABILITY
COMPANY; AND DURANT DEVELOPMENT
COMPANY, A MISSISSIPPI LIMITED
LIABILITY COMPANY

MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Gayle J. Evans, Jr. ("Plaintiff")'s Motion to Remand and for Costs and Fees [ECF No. 11] based on the forum defendant rule, 28 U.S.C. § 1441(b)(2).[1]  Defendants Durant

---

[1] 28 U.S.C.A. § 1441 provides:

**§ 1441. Removal of civil actions**
**(a) Generally.**--Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
**(b) Removal based on diversity of citizenship.--(1)** In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the

1

Development, LLC (the "LLC"), and Chance J. Evans, as manager of the LLC, oppose the motion.  [ECF. Nos. 22 & 23].  Having reviewed the parties' submissions, the record, and applicable law, the Court finds remand to be appropriate. The Court will grant the request for remand so that the state court proceedings can advance without further delay, but the Court will take the issue of fees and costs under advisement for a later ruling.

BACKGROUND

Defendants Chance J. Evans, as Manager of the LLC, and the LLC removed this case from the Chancery Court of Lincoln County, Mississippi, to federal court on the sole grounds of diversity jurisdiction under 28 U.S.C. § 1332. [ECF No. 1] ¶ 5.  Defendant Chance J. Evans, individually, joined in and consented to the removal.  [ECF No. 3]. Because the Notice of Removal is silent regarding the citizenship of the parties, Magistrate Judge Issac ordered the defendants to provide the Court with the citizenship of

citizenship of defendants sued under fictitious names shall be disregarded.

**(2)** A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441 (West).

2

each named party.   [ECF No. 13].   Defendants replied:

> Plaintiff, Gayle J. Evans, Jr., individually, is a
> citizen of the State of Montana.
>
> Plaintiff, Gayle J. Evans, Jr., is not a member of
> Durant Development, LLC; therefore, no citizenship
> can be provided as no such plaintiff exists.
>
> Defendants, Chance J. Evans, individually and as
> manager of Durant Development, LLC, are citizens of
> the State of Mississippi.
>
> Defendant, Durant Development, LLC, is a citizen of
> the State of Mississippi because its sole member is
> a citizen of Mississippi.

[ECF No. 20] ¶¶ 4, 5, 6, 7.

Although the parties dispute whether Plaintiff is a legitimate member of the LLC, there is no dispute that Defendant Chance J. Evans, individually and as manager of the LLC, is a citizen of Mississippi.[2]  The parties also agree that Plaintiff, individually, is a citizen of Montana.  [ECF No. 20] ¶ 4; [ECF No. 11] ¶ 1.

---

[2] Whether Plaintiff is a member of the LLC goes to the merits of the dispute between the parties and is determinative of the citizenship of the LLC for diversity purposes.  Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1080 (5th Cir. 2008) ("...the citizenship of a LLC is determined by the citizenship of all of its members.").  However, as explained later in this opinion, the contested membership of the LLC does not impede the remand of this case under the forum defendant rule set forth in 28 U.S.C. § 1441(b)(2).

DISCUSSION

The forum defendant rule, codified at 28 U.S.C. § 1441(b)(2), prohibits defendants from removing a state court lawsuit to federal court if any of the properly joined and served defendants is a citizen of the state where the lawsuit was filed. Steilberg v. Bradley, No. 1:15CV269-LG-RHW, 2016 WL 1455454, at *1 (S.D. Miss. Apr. 12, 2016); First Trinity Cap. Corp. v. Canal Indem. Ins. Co., No. 3:12-CV-891-HTW-LRA, 2013 WL 12092263, at *1 (S.D. Miss. July 9, 2013). The Fifth Circuit Court of Appeals has held that the forum defendant rule is procedural - not jurisdictional - and may be waived. Menendez v. Wal-Mart Stores, Inc., 364 F. App'x 62, n.2 (5th Cir. 2010); In re: 1994 Exxon Chemical Fire, 558 F.3d 378, 392-393 (5th Cir. 2009); In re Shell Oil Co., 932 F.2d 1518, 1523 (5th Cir. 1991). A party that wishes to contest removal on the grounds of a forum defendant rule violation must do so by raising the issue in a motion to remand that is timely filed within thirty (30) days after the filing of the notice of removal. Exxon Chem. Fire, 558 F.3d at 392; Rich v. Sheppard, No. 3:16-CV-366-DPJ-LRA, 2018 WL 4344563, at *4 (S.D. Miss. Sept. 11, 2018); Steilberg, 2016 WL 1455454, at *1; see also 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

4

filing of the notice of removal under section 1446(a).").

Plaintiff filed his motion to remand timely.  [ECF No. 11].

Defendants do not challenge the timelines of the remand motion, and they claim that each defendant is a citizen of Mississippi, the forum state.  They offer, instead, what the Court interprets to be a state court procedural challenge to the joinder of Chance J. Evans, individually, as a defendant to the First Amended Complaint:

> Chance J. Evans, individually, was not properly joined and served as a Defendant to the *First Amended Complaint* [State Court, Doc. 16] because Gayle J. Evans, Jr. filed said complaint more than thirty days after service of the initial *Complaint for Constructive Trust and Accounting* [State Court, Doc. 1] upon Chance J. Evans.[] Therefore, removal of the *First Amended Complaint* [State Court, Doc. 16] was [sic][3] proper.

[ECF No. 23] at 4-5.  Additionally, Defendants argue that Plaintiff "fraudulently joined himself as a member of Durant Development, LLC," to prevent removal of the suit to federal court.  [ECF No. 23] at 5.  Plaintiff attacks these challenges to remand as baseless.  [ECF No. 25] at 2, 4, 8, 10.

For the purposes of a remand ruling under 28 U.S.C. § 1441(b)(2), the Court need not decide the merits of Defendants' arguments regarding Defendant Chance J. Evans,

---

[3] The Court assumes that Defendants intended to write "was not proper" but, however intended, this argument does not change the Court's disposition of its remand ruling.

individually, or the LLC because Defendants concede that at least one of the named defendants - Chance J. Evans, as manager of the LLC - is a properly joined and served Mississippi citizen.  [ECF No. 23] at 2 n.1 ("… this *First Amended Complaint* [State Court, Doc. 16] is proper as to Chance J. Evans, as manager of Durant Development, LLC … ."); [ECF No. 20] ¶ 6; 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if **any of the parties in interest** properly joined and served as defendants is a citizen of the State in which such action is brought.") (emphasis added).  Given Defendants' concession, remand to the Chancery Court of Lincoln County, Mississippi, under 28 U.S.C. § 1441(b)(2) will be granted.

Regarding Plaintiff's request for costs and attorney fees, the United States Supreme Court has held that a federal court may consider collateral issues after an action is no longer pending.  Cooter v. Hartmarx Corp.*,* 496 U.S. 384, 396 (1990).  Specifically with respect to remands, the Fifth Circuit has held that "a district court is not divested of jurisdiction to award attorney fees and costs pursuant to § 1447(c) after a remand has been certified."  Coward v. AC & S., Inc., 91 F. App'x 919, 922 (5th Cir. 2004).  Given the Court's ability to retain jurisdiction over the issue of

6

costs and fees post-remand, there is no reason to delay the return of this lawsuit to state court.  The Court will take under advisement the parties' arguments for and against an award of costs and fees and will notify the parties if a hearing on the matter will be scheduled.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Remand and for Costs and Fees [ECF No. 11] shall be **GRANTED IN PART** to immediately remand this case to the Chancery Court of Lincoln County, Mississippi and shall be **HELD IN ABEYANCE IN PART** for the Court to take under advisement and decide Plaintiff's request for costs and attorney's fees;

IT IS FURTHER ORDERED that all other pending motions shall be dismissed as moot.

**SO ORDERED** this the 21st day of May 2024.

<u>   /s/   David Bramlette   </u>
UNITED STATES DISTRICT COURT JUDGE

7